El Pueblo de Puerto Rico, demandante y apelado, *v.* José Viera González, acusado y apelante.

Núm. 7854.—*Sometido:* Enero 9, 1940. *Resuelto:* Enero 16, 1940.

*Villamil & Santana Becerra,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

José Viera González, conductor de la guagua de servicio público P–12, fué denunciado por haber infringido el artículo 12, inciso (*a*) y (*g*) de la Ley de Automóviles, al no ejercer el debido cuidado ni tomar las precauciones razonables para garantizar la seguridad de vidas y propiedades, guiando su vehículo por la Avenida Ponce de León y doblando por la calle de Norzagaray en dirección Norte sin dar aviso con su aparato de alarma, arrollando al Dr. Walter Von Zelinski, ocasionándole fuertes contusiones, hecho que ocurrió en esta ciudad de San Juan el 26 de septiembre de 1938 a las nueve y media de la noche.

Vista la causa finalmente en la corte de distrito, se dictó sentencia contra Viera imponiéndosele una multa de quince dólares y en defecto de pago un día de cárcel por cada dólar dejado de satisfacer.

Apeló el conductor y en un largo alegato sostiene que no hubo prueba suficiente de los hechos que se le imputaron en la denuncia y que erró la corte al apreciar la evidencia introducida por ambas partes y al no admitir el informe que consta en el Libro de Novedades del Cuartel de la Policía de San Juan sobre el hecho denunciado para contradecir la declaración de un testigo en cuanto a la forma en que ocurrió el accidente. También extensamente el fiscal impugna las argumentaciones del apelante.

Hemos leído la denuncia y la prueba y a nuestro juicio la sentencia recurrida debe confirmarse.

Todo el énfasis de la argumentación se pone por la defensa en que a su juicio según la prueba fué el Dr. Von Ze-

linski el que distraídamente chocó con la guagua y no la guagua la que con él chocara, perdiéndose de vista que no son las serias lesiones que el doctor sufriera lo que constituye la infracción denunciada, si que el acto del conductor al doblar por la calle de Norzagaray sin dar aviso, esto es, sin tomar las debidas precauciones para garantía de personas y propiedades. El daño causado completa el cuadro, da color al acto, ilustra la necesidad de la regla, pero no constituye, repetimos, la infracción.

Dice la ley infringida, o sea el art. 12, incisos (a) y (g) de la Ley núm. 75 para reglamentar el uso de vehículos de motor, Leyes de 1916, pág. 152:

"Art. 12.—(a) Las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades.

"(g) Al acercarse al cruce o unión de calles y caminos, o a una casa escuela, durante horas en que sea probable la entrada o salida de estudiantes, la velocidad deberá ser reducida, dando debido aviso con el aparato correspondiente. Las mismas precauciones deberán tomarse al acercarse a un tranvía urbano que esté detenido para tomar o dejar pasajeros, y ningún vehículo de motor pasará a una distancia menor de ocho pies de dicho tranvía urbano."

Y la prueba en cuanto a que el conductor denunciado no dió aviso con su aparato de alarma al doblar por la calle de Norzagaray desde la Avenida Ponce de León, es tan clara que no cabe ni siquiera discutirse.

Procede, en tal virtud, desestimar el recurso, sin necesidad de seguir al apelante en su discusión de la prueba en cuanto a la forma en que ocurrió el accidente, ni en cuanto a si la corte erró o no al rechazar la evidencia del registro policíaco en relación también con la forma en que ocurrió el indicado accidente. Sin embargo, parece conveniente indicar que el estudio que de la transcripción hemos hecho, nos lle-

varía a concluir que estuvo acertada la Corte de Distrito cuando, al razonar su sentencia, se expresó como sigue:

"Para la Corte es increíble la teoría de la defensa de que este Doctor Von Zelinski al ir cruzando fuera a chocar con la caja derecha de la guagua y recibiera la fractura de las dos piernas y golpes en la espalda de tal naturaleza que estuviera recluído en el Hospital seis semanas y después en tratamiento. Para recibir la fractura de las dos piernas y los golpes que recibió tenía que haber sido un golpe muy violento que demuestra que la guagua al dar la vuelta por la esquina de Norzagaray y Ponce de León lo hizo a velocidad sin tomar las debidas precauciones, sin dar señal de aviso, según dice toda la prueba, que no tocó *klaxon* ni bocina, y no necesariamente puede causarse daño a una persona dándose con el frente del vehículo: se puede dar a una persona con el lado del vehículo."

*Se confirma la sentencia apelada.*