EL PUEBLO DE PUERTO RICO, demandante y apelado, v. CARMELO CONCEPCIÓN VENDRELL, acusado y apelante.

Núm. 8016.—*Sometido:* Abril 15, 1940. *Resuelto:* Abril 29, 1940.

*Villamil & Santana Becerra,* abogados del apelante; *R. A. Gómez,*. *Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El Policía Insular Federico Vallés formuló denuncia ante la Corte Municipal de San Juan, Sección Segunda, contra Carmelo Concepción Vendrell imputándole una infracción al artículo 12, letra (*e*) de la Ley de Automóviles, cometido como sigue:

". . . . en 5 de abril, 10:45 A. M. de 1939, y en la Ave. Borinquen, Santurce, . . . el referido acusado, . . . ilegal, voluntaria y maliciosamente, mientras guiaba la guagua Núm. P-96, propiedad de la 'White Star Bus Line Inc.' de San Juan, por la Avenida Borinquen de Santurce, que es un camino público, con dirección de este a oeste, no redujo la velocidad ni tocó *klaxon* que al desviarse hacia su izquierda para pasarle a otra guagua que estaba parada delante y en la misma dirección dejando pasajeros, que al darle alcance a Ramona Rochet Vega, instantes en que cruzaba la calle con dirección de sur a norte, por su negligencia y descuido dió lugar a lesionarla causándole una posible contusión y fractura de costilla en el lado izquierdo y otra contusión en la mejilla; . . . . ''

Dictada sentencia por la corte municipal contra el acusado, éste apeló para ante la corte del distrito. Celebróse el juicio *de novo* que ordena la ley y volvió a ser condenado el acusado, apelando entonces para ante este tribunal.

Señala en su alegato dos errores que envuelven una sola cuestión, a saber: si la evidencia es o no suficiente para declarar probada la infracción que se imputó al apelante.

La ley que se alega infringida, dispone que:

"Las personas que manejen vehículos de motor en los caminos públicos, deberán, . . . . . .

" (*e*) Cuando se dé alcance a otro vehículo o persona siempre deberá darse aviso, y la persona o vehículo de menor velocidad deberá echarse hacia la derecha, tanto como le fuera posible, y el vehículo que dé alcance pasará siempre a su izquierda.'' Leyes de 1916, pág. 152.

El hecho de haber el apelante lesionado a Ramona Rochet da color al acto, ilustra la necesidad de la regla establecida, pero no constituye el delito. *Pueblo* v. *Viera,* 55 D.P.R. 875, 877.

■ De suerte que al analizar la evidencia debemos concretarnos a si es o no bastante para demostrar si la guagua guiada por el acusado dió alcance y pasó a la otra guagua sin dar aviso, o sea como dice la denuncia, "no redujo la velocidad ni tocó *klaxon."*

La evidencia de cargo consistió en las declaraciones de tres testigos, Federico Vallés, Petra María Correa y Juan Ramos Ramos. La de descargo, en la declaración del propio acusado.

Refiriéndose a los dos primeros testigos, el fiscal de esta corte, en su informe al tribunal, se expresa correctamente como sigue:

"Estamos de acuerdo en que el primer testigo de cargo, nada dice que arroje luz para determinar la forma y manera en que ocurrieron los hechos, que como infracción al artículo 12, inciso (*e*) de la Ley de Automóviles, se imputa al acusado. (T. E. pág. 1–3.)

"Tampoco nos satisface mucho la declaración del segundo testigo (T. E. pág. 3–5) de cargo, y por sí sola no nos atreveríamos a sostener una convicción, . . . ."

Sostiene sin embargo el fiscal que la declaración del tercer testigo es bastante para confirmar la sentencia. Veamos lo que dijo.

Viajaba en un carro público hacia el Barrio Obrero; había una guagua parada y venía este chófer (el acusado) con su guagua a pasarle a la guagua parada; entonces una muchacha que iba por el Barrio Obrero y que se apeó de una guagua, cruzó la carretera y cuando iba cruzando la carretera la guagua le dió.

La guagua que guiaba el acusado iba hacia San Juan; la de en que se bajó la muchacha, hacia el Barrio Obrero. La guagua del acusado no iba muy ligero. El fué a pasarle a la guagua parada y cuando se va a pasarle a otra guagua

hay que darle gasolina, pero no exageradamente. No oyó que tocara *klaxon.* Fué a parar bien alante. Le dió a la muchacha con el lado izquierdo.

Repreguntado por el abogado del acusado, contestó:

"P.—¿Cómo usted sabe que el acusado no tocó *klaxon*?
"R.—Porque no lo oí.
"P.—¿Usted venía pendiente de ese *klaxon*?
"R.—No, señor.
"P.—¿Usted venía guiando un carro?
"R.—Sí, señor.
"P.—¿Un carro público?
"R.—Sí, señor."

Siendo ésa la única declaración con tendencia a demostrar que el aviso no fué dado, nos parece la prueba insuficiente. El testigo se limitó a decir que no oyó que se tocara el *klaxon,* manifestación que en sí misma no tiene gran fuerza y que quedó con menos aún de la corriente a virtud de las últimas contestaciones que dió el testigo a las repreguntas del abogado del apelante.

*Bajo esas circunstancias, creemos que procede la revocación de la sentencia y la absolución del acusado.*